UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY J. BROOKS,

        Plaintiff,                        Civil Action No.
                                            10-cv-13717

vs.

                                            PAUL D. BORMAN

CENTRAL IRRIGATION SUPPLY, INC.,            UNITED STATES DISTRICT JUDGE

        Defendant.

_____/

**OPINION AND ORDER**
**(1) GRANTING DEFENDANT'S MOTION FOR DIRECTED VERDICT (Dkt. No. 62);**
**(2) DISMISSING THE ACTION WITHOUT PREJUDICE;**
**(3) DENYING AS MOOT DEFENDANT'S RENEWED MOTION FOR NEW TRIAL**
**AND/OR JNOV (Dkt. No. 78); and**
**(4) DENYING AS MOOT DEFENDANT'S MOTION TO VACATE JUDGMENT,**
**DISMISS THE ACTION, AND FOR SANCTIONS (Dkt. No. 79)**

Plaintiff Mary Brooks filed this action against Defendant Central Irrigation Supply, Inc., on September 17, 2010. (Dkt. No. 1.) On August 23, 2012, in the middle of the trial on this matter, Defendant orally raised a Motion for Directed Verdict based on Plaintiff's alleged lack of standing to bring the instant claims. The Court requested, and Defendant filed, a written Motion for Directed Verdict on Lack of Standing/Subject-Matter Jurisdiction, on August 23, 2012. (Dkt. No. 62.) Plaintiff filed a Response on August 26, 2012. (Dkt. No. 64.) Defendant filed a Reply on August 27, 2012. (Dkt. No. 68.)

On August 29, 2012, the jury returned a verdict in favor of Plaintiff for $104,000. (Dkt. No. 70.) On September 26, 2012, Defendant filed a Renewed Motion for New Trial and/or JNOV, and a Motion to Vacate Judgment, Dismiss the Action, and for Sanctions. (Dkt. Nos. 78 and 79.)

1

Plaintiff filed responses to both motions on October 17, 2012. (Dkt. Nos. 85 and 86.) Defendant filed replies on October 31, 2012. (Dkt. Nos. 88 and 89.)

For the reasons stated below, the Court will:

1. GRANT Defendant's Motion for Directed Verdict;

2. DISMISS the Complaint WITHOUT PREJUDICE, so that the bankruptcy trustee may pursue the claim as the appropriate party in interest;

3. DENY AS MOOT Defendant's Renewed Motion for New Trial and/or JNOV; and

4. DENY AS MOOT Defendant's Motion to Vacate Judgment, Dismiss the Action, and for Sanctions.

## I. BACKGROUND

Plaintiff was laid off from her job with Defendant on May 18, 2009. (Compl. ¶ 29.) Plaintiff consulted with legal counsel for several months before filing a charge with the Equal Employment Opportunity Commission ("EEOC") on September 23, 2009. (Aug. 23, 2012 Trial Tr. 68 (Dkt. No. 75); Def.'s Mot. for Directed Verdict, Ex. 1, EEOC Charge.) Several months after filing an EEOC charge, on February 25, 2010, Plaintiff filed a voluntary petition for Chapter 7 bankruptcy. Schedule B of Plaintiff's voluntary petition requested disclosure of "[o]ther contingent and unliquidated claims of every nature[.]" *In re Brooks*, No. 10-30974-dof, ECF No. 1 at 9-10 (Bankr. E.D. Mich. Jun. 14, 2010). Plaintiff did not disclose or give an estimated value for her contingent civil claim against Defendant.

On June 14, 2010, the Bankruptcy Court entered an Order of Discharge in Plaintiff's case. On June 22, 2010, Plaintiff received a "right to sue" letter from the EEOC. (Compl. ¶ 5.) After filing the Complaint in this matter on September 17, 2010, and up until August 26, 2012, neither

2

Plaintiff nor her counsel ever disclosed her bankruptcy case to this Court, or this case to the bankruptcy court, or the bankruptcy trustee.  Specifically, Plaintiff did not amend her bankruptcy filings to reveal her civil claim, despite her continuing obligation to do so.  Notably, Plaintiff's instant counsel, Nicholas Roumel, Esq., was well aware of Plaintiff's continuing obligation to amend her bankruptcy filings, because well before trial on this matter, on June 8, 2011, Eastern District of Michigan District Judge Patrick E. Duggan dismissed an employment discrimination claim filed by attorney Roumel because a different plaintiff, also attorney Roumel's client, did not disclose the employment discrimination claim on his bankruptcy petition. *See Vaughn v. County of Washtenaw*, No. 10-14019, 2011 WL 2271315, (E.D. Mich. Jun. 8, 2011), discussed *infra* at 8-9.

Attorney Roumel was aware of the instant Plaintiff's prior bankruptcy by at least March 4, 2011, when Plaintiff discussed the bankruptcy case at her deposition. (Brooks Dep. at 72-74, ECF No. 15.) However, despite attorney Roumel's prior experience with a different client in an identical factual situation, he did not advise Plaintiff to amend her bankruptcy schedules in the instant case, nor did he contact the bankruptcy trustee or bankruptcy court regarding Plaintiff's unlisted asset, until after Defendant moved for a directed verdict.

During her trial testimony, Plaintiff admitted that she believed she had an employment discrimination claim prior to filing for bankruptcy, but did not disclose her potential claim as an asset based on her bankruptcy attorney's advice:

> Q.    All right.  Yesterday you talked about your bankruptcy, right?
> A.    Yes.  I mentioned that I went through bankruptcy.
> Q.    And you were terminated in May of 2009, from Central, right?
> A.    Correct.
> Q.    And you believed that when you were terminated that it was because of your sex, right?

3

A.      Yes.

Q.      And your pregnancy and retaliation, right?

A.      Correct.

Q.      And you believe that Central at that point in time discriminated you [sic] and violated one or more of your civil rights, right?

A.      Correct.

. . . .

Q.      I'm going to show you the certified bankruptcy record, page nine of this personal property schedule.  Hold onto that for a second.

A.      Yes.

Q.      Look at line 21.  You see that?

A.      Yes.

Q.      And where it says, "personal property," do you see that?

A.      Line 21, yes.

Q.      And it says, "Any and all claims liquidated and unliquidated," right?

A.      Yes.

Q.      And you write, "None," right?

A.      Correct.

Q.      And, in fact, you had filed with the federal government that you had no such claims at that time, right?

A.      I filled out this information with help of my bankruptcy lawyer, and he was disclosed of all pending -- I'm not a lawyer, so I'm not --

Q.      Oh, okay.  So you relied on your lawyer?

A.      Absolutely.

Q.      Right.  And you told him you had this pending lawsuit, right?

A.      Yeah.  I told him I had a Complaint.

Q.      You told him twice, and he didn't write it down there, did he?

A.      No.

Q.      And you signed on that being a true statement, right?

A.      Yes, based on my lawyer's recommendation.

(Aug. 23, 2012 Trial Tr. 68-69, 72-73.)

After Plaintiff's trial testimony, and Defendant's subsequent Motion for Directed Verdict, Plaintiff's counsel, for the first time, notified the bankruptcy trustee of Plaintiff's pending employment discrimination claim.  (Pl.'s Resp., Ex. 1, August 26, 2012 Letter.)  On August 30,

4

2012, the bankruptcy trustee filed a motion to reopen Plaintiff's bankruptcy case, which was granted the same day. *In re Brooks*, ECF Nos. 19 and 20 (Aug. 30, 2012). On September 27, 2012, the bankruptcy trustee filed a Motion to Compromise Claim in Plaintiff's bankruptcy case, stating that a settlement agreement had been reached between the trustee and Defendant Central Irrigation for the gross sum of $15,000. Mtn. to Compromise Claim at 1, *In re Brooks*, ECF No. 27 (Sept. 27, 2012). On October 24, 2012, Plaintiff filed a brief in opposition to the Motion to Compromise. *In re Brooks*, ECF No. 30 (Oct. 24, 2012). A hearing before Eastern District of Michigan Bankruptcy Judge Daniel S. Opperman is scheduled for January 30, 2013.

## II. LEGAL STANDARD

"In entertaining a motion for judgment as a matter of law, the court is to review all evidence and draw all reasonable inferences in the light most favorable to the non-moving party, without making credibility determinations or weighing the evidence." *Jackson v. FedEx Corporate Services, Inc.*, 518 F.3d 388, 392 (6th Cir. 2008) (citations omitted). "In other words, the decision to grant judgment as a matter of law or to take the case away from the jury is appropriate whenever there is a complete absence of pleading or proof on an issue material to the cause of action or when no disputed issues of fact exist such that reasonable minds would not differ." *Jackson v. Quanex Corp.*, 191 F.3d 647, 657 (6th Cir. 1999) (citations and quotations omitted).

## III. ANALYSIS

Defendant's Motion for Directed Verdict raises two arguments in support of dismissal of Plaintiff's claims. Defendant first argues that Plaintiff's claims should be dismissed because Plaintiff is not the real party in interest. Defendant also argues that Plaintiff's claims should be barred by the equitable doctrine of judicial estoppel. Because Defendant's standing argument is

dispositive, the Court will not address the judicial estoppel issue.

## A. Real Party in Interest

When an individual files for bankruptcy, "[t]he Bankruptcy Code . . . provides that the bankruptcy estate comprises 'all legal or equitable interests of the debtor in property as of the commencement of the case[.]'" *Bauer v. Commerce Union Bank, Clarksville, Tennessee*, 859 F.2d 438, 440-41 (6th Cir. 1988) (quoting 11 U.S.C. § 541(a)(1)). These property interests include all causes of action that can be brought by the debtor. *Id*. at 441. All claims for the benefit of the bankruptcy estate, or against the bankruptcy estate, are the responsibility of the bankruptcy trustee, and "[i]t is the trustee who 'has capacity to sue and be sued.'" *Id*. (quoting 11 U.S.C. § 323(b)). The trustee has the authority to compromise all causes of action belonging to the bankruptcy estate, and "[t]he debtor has no standing to pursue such causes of action." *Id*.

In *Auday v. Wet Seal Retail, Inc.*, 698 F.3d 902 (6th Cir. 2012), the plaintiff filed for Chapter 7 bankruptcy four days after she was terminated from her position at Wet Seal Retail, Inc. *Id*. at 903. She did not include her age-discrimination claim on her bankruptcy schedules. *Id*. On January 5, 2010, the plaintiff received a discharge from her debts. *Id*. at 904. Although the plaintiff's lawyer disclosed to the bankruptcy trustee that the plaintiff had a possible age-discrimination claim, neither the plaintiff nor the trustee ever disclosed the potential claim to the bankruptcy court, and the plaintiff never amended her bankruptcy schedules. *Id*.

After receiving her bankruptcy discharge, the plaintiff sued her previous employer for age discrimination. *Auday*, 698 F.3d at 904. The defendant, Wet Seal Retail, Inc., moved for judgment on the pleadings. *Id*. The district court granted the defendant's motion on the basis of judicial estoppel, ruling that because the plaintiff never amended her bankruptcy schedules to add her age

6

discrimination claim, she was barred from representing in a new judicial proceeding that she had such a claim. *Id*.

On appeal, the Sixth Circuit held that the district court erred, because it "did not address a threshold question: Is Auday capable of bringing this lawsuit?" *Id*. The Sixth Circuit held that the plaintiff did not have standing to file her employment discrimination claim, reasoning as follows:

> When Auday filed for bankruptcy, her estate became the owner of all of her property, including tort claims that accrued before she filed her bankruptcy petition. . . . Her age-discrimination claim against Wet Seal is no different. It accrued when the company fired her on September 17, 2009, and became the property of her estate when she filed for bankruptcy four days later. . . . This means that, absent abandonment, only the Trustee may bring the age-discrimination claim, and Auday has no standing to pursue it alone. . . .

*Id*. (citations and punctuation omitted).

The same reasoning applies in the instant matter. Plaintiff's employment discrimination claim became a part of her bankruptcy estate when she filed for Chapter 7 bankruptcy on February 25, 2010. However, Plaintiff never listed her employment discrimination claim in her bankruptcy schedules. Accordingly, Plaintiff did not have standing to bring her employment discrimination claim.

Plaintiff argues that Defendant should be barred from raising the "real party in interest" issue because Defendant has known about Plaintiff's prior bankruptcy since her March 4, 2011 deposition testimony, but did not raise the argument until the case had already progressed to trial. Plaintiff asserts that Defendant's failure to raise these defenses in its Answer or any other time prior to trial constitutes a waiver.

The Sixth Circuit has held "that a party who does not raise the lack-of-capacity defense

7

before trial forfeits it after trial." *Hendricks v. Office of Clermont County Sheriff*, 326 Fed. Appx. 347, 349-50 (6th Cir. 2009). However, the Court will decline to apply waiver in the instant case because Plaintiff's counsel "had adequate notice that the argument existed and was viable." *United States v. Sanford*, No. 11-1847, 2012 WL 6051943, at *1 (6th Cir. Dec. 6, 2012). Further, Defendant raised this defense before the instant trial concluded.

In addition, Plaintiff's counsel was aware as early as June 8, 2011, that Plaintiff lacked standing to sue on any employment discrimination claims that accrued prior to her bankruptcy filing, because Plaintiff's counsel had confronted an identical situation in another case that he had filed in the Eastern District of Michigan. In *Vaughn v. County of Washtenaw, supra*, the plaintiff began conferring with attorney Roumel on or about August 12, 2009. *Vaughn*, 2011 WL 2271315, at *2. On September 3, 2009, the plaintiff filed for bankruptcy, and on October 19, 2009, the plaintiff filed a complaint with the EEOC. The plaintiff did not disclose his employment discrimination charge on his bankruptcy petition. On December 21, 2009, the plaintiff received a discharge from the bankruptcy court.

In dismissing the plaintiff's claim, Judge Duggan noted the following:

> Thus there is no genuine issue of material fact that when Plaintiff filed for bankruptcy on September 3, 2009, he was aware of his contingent claim(s) against the County. Moreover, on October 19, 2009, Plaintiff filed his EEOC charge against the County alleging discrimination in violation of the ADA and requesting a right to sue letter. If there is any doubt about his belief that he had a contingent claim against the County before October 19, 2009, there certainly can be no dispute that he had one by then. Despite the fact that a debtor's duty of disclosure is a continuing one, Plaintiff did not then amend his bankruptcy filings to disclose this claim.

*Id.* at *5; *See also Rodriguez v. Mustang Manufacturing Co.*, No. 07-cv-13828, 2008 WL 2605471

8

(E.D. Mich. Jun. 27, 2008) (unpublished) (granting summary judgment in favor of defendant where the plaintiff failed to list his claims on a prior bankruptcy petition, and noting that, "even if Rodriguez relied in good faith on his attorney's advice when filing his schedule of assets, this does not explain why he failed to later inform the bankruptcy court of the claim when his suit seemed likely to be filed, nor why he later failed to seek to reopen his case.").

Similarly, in the instant matter, Plaintiff knew she had a claim that was not disclosed on her bankruptcy petition. After receiving her right to sue letter and filing the instant Complaint, Plaintiff never amended her bankruptcy filings, despite her continuing obligation to do so. The Court finds it particularly noteworthy that attorney Roumel, after receiving the Court's opinion and order in the *Vaughn* case, made no effort to confer with the bankruptcy trustee in the instant matter until after Defendant filed the instant motion during the instant trial. The Court will not award such gamesmanship. The Court therefore finds that the equities in the instant matter do not favor adoption of Plaintiff's waiver argument.

Accordingly, the Court finds that Plaintiff is not the real party in interest on her employment discrimination claim. Plaintiff's bankruptcy estate is the real party in interest, and only the bankruptcy trustee has capacity to sue on Plaintiff's discrimination claims. The Complaint in this matter therefore must be dismissed, and therefore the trial verdict which came after Defendant's Motion must also be dismissed.

**B. Judicial Estoppel**

Because the Court finds that Plaintiff is not the real party in interest, it will not consider Defendant's alternative argument that Plaintiff may not assert her discrimination claim on the basis of judicial estoppel. However, the Court does note that Defendant's estoppel arguments do not apply

9

to the bankruptcy trustee. *See Stephenson v. Mallory*, 700 F.3d 265, 272 (6th Cir. 2012) (holding "that Al-Mansoob's failure to disclose his claims [on his bankruptcy filings] does not bar the trustee from pursuing them."). The trustee may thus bring the instant employment discrimination claim for the benefit of Plaintiff's bankruptcy estate.

## C. Federal Rule of Civil Procedure 17(a)(3)

Plaintiff argues that she should be allowed time to amend the Complaint to substitute the bankruptcy trustee as the real party in interest. Plaintiff's argument relies on Federal Rule of Civil Procedure 17(a)(3), which provides as follows:

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Plaintiff's bankruptcy file has already been reopened, and a motion to compromise the claim against Defendant Central Irrigation has already been filed, with a hearing date scheduled for January 30, 2013. The Court therefore finds that amendment of the Complaint in this matter is unnecessary. Plaintiff, her bankruptcy estate, and Defendant, are already before the bankruptcy court and can settle the controversy there.

## D. Defendant's Other Dispositive Motions

Defendant has also filed a Motion for New Trial and/or JNOV, which seeks either a new trial or judgment in favor of Defendant, and a Motion to Vacate Judgment, Dismiss the Action, and for Sanctions, which seeks the same relief as Defendant's directed verdict motion as well as sanctions against Plaintiff. Because the Court finds dismissal appropriate based on Defendant's Motion for

10

Directed Verdict, the Court will also DENY AS MOOT Defendant's other dispositive motions.

## IV. CONCLUSION

For the reasons stated above, the Court will:

1. **GRANT** Defendant's Motion for Directed Verdict;

2. **DISMISS** the Complaint **WITHOUT PREJUDICE**, so that the bankruptcy trustee may pursue the claim as the appropriate party in interest;

3. **DENY AS MOOT** Defendant's Renewed Motion for New Trial and/or JNOV; and

4. **DENY AS MOOT** Defendant's Motion to Vacate Judgment, Dismiss the Action, and for Sanctions.

**SO ORDERED**.

Dated: 12-17-12
   Detroit, Michigan

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE